# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

      Respondent,

v.                                                CRIMINAL ACTION NO. 3:91-00114-03
                                                    (CIVIL ACTION NO. 3:08-0795)

WILLIAM MARCEL BOYCE

      Movant.

## ORDER

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the motion filed pursuant to 28 U.S.C. § 2255 be dismissed with prejudice. The movant basically objects to this recommendation on two grounds.

First, on May 20, 2008, this Court granted movant a two level decrease under the revised guidelines for crack cocaine and reduced his sentence from 235 to 188 months.[1] The movant now argues that he is entitled to consideration of a sentence reduction greater than or in addition to the two level decrease authorized under the revised guidelines for crack cocaine. He contends that a motion pursuant to 18 U.S.C. § 3582(c)(2) permits the Court to consider a variance or departure not granted or even permissible at the original sentencing hearing, but now authorized in light of

---

[1] The movant also is subject to a sixty month consecutive sentence on a weapons conviction.

*United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases addressing the United States Sentencing Guidelines and the sentencing court's discretion. The Court disagrees. Based on the explicit language in § 3582(c)(2) and United States Sentencing Guidelines §1B1.10(a)(3), the Court is limited to the reduction provided by the revised guidelines and cannot, in effect, reconsider the original sentence based on other factors. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (stating § 3582(c)(2) does not permit a "do-over" of the original sentence).

Second, the movant argues that, despite the fact he has filed two previous motions pursuant to § 2255, he should be able to file a new § 2255 motion because of the Court's decision to reduce his sentence pursuant to § 3582(c)(2). In his motion, the movant argues that there were many errors in his original conviction. In the Findings and Recommendation, the Magistrate Judge recommended that the Court deny this motion because it is a successive motion and the movant failed to get authorization to file it pursuant to 28 U.S.C. § 2244. The Court agrees. As explained above, the fact that the Court reduced the movant's sentence does not entitle him to file a successive motion to challenge his underlying conviction. Moreover, as the movant did not receive authorization to file the motion, the Court has no basis to exercise jurisdiction.

Accordingly, the Court **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge, **DENIES** the movant's objections, and **DISMISSES** the § 2255 motion with prejudice.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

          ENTER:     July 11, 2008

          ROBERT C. CHAMBERS
          UNITED STATES DISTRICT JUDGE